IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY HARRISON WRIGHT, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00395 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| LISA FERGUSON, et al., ) | Chief United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

Jeffrey Harrison Wright, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Lisa Ferguson, Officer Anthony Crawford, and Officer James Robert Wright.* Wright claims that the defendants acted with deliberate indifference to his serious medical needs while he was incarcerated at the New River Valley Regional Jail ("NRVRJ") in Dublin, Virginia. The case is presently before the court on the defendants' motion for summary judgment under Federal Rule of Civil Procedure Rule 56(a), ECF No. 26, and the plaintiff's response to the motion, ECF No. 30, which the court construes as a request for relief under Rule 56(d). For the reasons set forth below, the plaintiff's request is **GRANTED**, and the defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE** to refiling.

## Background

On or about September 20, 2021, Wright was injured during an altercation with another inmate at the NRVRJ. He underwent an x-ray in the medical unit that same day, which revealed

---

* The court will refer to James Robert Wright as Officer Wright to distinguish him from the plaintiff.

a jaw fracture. Wright informed Lisa Ferguson that he was in "unbearable pain" and that he needed to see a physician. Verified Am. Compl. ("Am. Compl."), ECF No. 6, at 3. Ferguson, who Wright describes as the "head of medical," allegedly told Wright that there was "nothing they could do for [him] in medical" and that he would need to return to general population. Id. Wright claims that he was deprived of medical care as a result of Ferguson's decision and that he was "also denied pain medication by medical staff." Id. at 4.

Several days after the altercation with the other inmate, Officer Wright and Officer Crawford transported Wright to Carilion Clinic in Roanoke, Virginia, where he was examined by Dr. Jeffrey Carpenter. According to Wright, Dr. Carpenter determined that his jaw was "broken in 3 places" and advised the officers that Wright needed to undergo surgery that same day. Id. at 5. When the officers responded that there was "no way they could stay there with [Wright] while [Dr. Carpenter] performed corrective surgery," Dr. Carpenter allegedly informed them that "the window for surgery for a broken jaw is 7 days" and that he needed to perform surgery "right then." Id. The amended complaint alleges that Dr. Carpenter recommended that the officers "check [Wright] in through the ER at the hospital" since "he could get a bed due to it being an emergency and perform the emergency surgery." Id. Wright asserts that the officers refused to allow Dr. Carpenter to perform the surgery that day and instead "returned [him] back to the jail in the same pain [he] was having from day one." Id. at 6. The record reflects that Wright underwent surgery six days later, on September 30, 2021. See Def.'s Mot. Summ. J. Ex. J, ECF No. 27-10.

Wright filed the instant action under 42 U.S.C. § 1983 on July 11, 2022. In response to a conditional filing order, Wright filed an amended complaint on August 17, 2022, which

2

named Ferguson, Officer Crawford, and Officer Wright as defendants. Wright claims that the defendants acted with deliberate indifference to his serious medical needs, in violation of the Eighth and Fourteenth Amendments.

On August 19, 2022, Wright filed a motion requesting the production of NRVRJ "medical records, pictures and any other records in daily logbooks pertaining to [his] jaw being broken." Mot. to Issue Subpoena, ECF No. 11. By order entered October 24, 2022, the motion was construed as a request for production of documents, and the defendants, who had since filed an answer, were directed to respond to the request within 30 days. Order, ECF No. 19.

On December 5, 2022, Wright filed another request for production of documents. He once again requested his medical records from the NRVRJ, as well as "any medical logbooks, pictures, x-rays, incident reports, [and] any daily logs in the logbooks kept in the pods due to [the] incident." Req. for Prod., ECF No. 25.

Two weeks later, on December 20, 2022, the defendants filed a motion for summary judgment, along with various medical records. The defendants argue that "no reasonable juror could find that the NRVRJ personnel, including the Defendants, recklessly ignored the Plaintiff's injury or failed to respond reasonably to the situation presented." Defs.' Br. Supp. Mot. Summ. J., ECF No. 27, at 11. The defendants also argue that the case should be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In particular, the defendants assert that Wright "fails to allege that he pursued the NRVRJ's grievance procedure" before filing suit. Id. at 14.

Wright filed a response to the motion for summary judgment on January 10, 2023. In the response, Wright asserts that he did not receive all of the documents that he sought to

obtain from the defendants. See Pl.'s Resp. Mot. Summ. J., ECF No. 30, at 1 ("There is a lot more evidence that has been withheld . . . ."). For instance, Wright contends that there is "other documentation[] in the daily ledgers that are kept in each housing unit . . . that is very relevant to [his] pain meds being refused." Id. at 3. Wright also indicates that he needs time to obtain additional evidence to support his claims, including sworn statements or other evidence from Dr. Carpenter. Id. at 3–5. He has since requested subpoenas for use in requesting medical records from nonparties, and the Clerk has been directed to issue the requested subpoenas. See Order, ECF No. 33, at 2.

## **Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The moving party bears the "initial responsibility" of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets that threshold burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party. Id. at 255.

As a general rule, "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Shaw v. Foreman, 59 F.4th 121, 128 (4th Cir. 2023) (internal quotation marks and citations omitted).

4

"But a nonmoving party cannot complain that summary judgment was granted without discovery unless that party . . . attempted to oppose the motion on the grounds that more time was needed for discovery." Id. (internal quotation marks, brackets, and citation omitted). A nonmoving party typically presents such opposition in the form of an affidavit or declaration under Rule 56(d), stating that he "cannot present facts essential to justify [his] opposition." Fed. R. Civ. 56(d). Even in the absence of a Rule 56(d) affidavit, however, "a district court abuses its discretion by granting summary judgment when it otherwise has 'fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record.'" Shaw, 59 F.4th at 128 (quoting Pledger v. Lynch, 5 F.4th 511, 526 (4th Cir. 2021)). "Such premature summary judgment is particularly disfavored in the context of pro se litigation, and when facts bearing on the subjective knowledge of defendants are exclusively in the control of the opposing party." Id. at 128–29 (internal quotation marks and citation omitted). If the court determines that summary judgment is premature, it may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

## Discussion

### I. Exhaustion of Administrative Remedies

The court will first address the exhaustion issue raised by the defendants. The PLRA provides that "[n]o action shall be brought" in federal court by an inmate challenging his conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)). Although "exhaustion is mandatory under the PLRA," the Supreme Court has held that "failure to exhaust is an affirmative defense . . . and that inmates are not

5

required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 211, 216 (2007).

In support of their motion for summary judgment, the defendants argue that Wright failed to exhaust his administrative remedies prior to filing suit. However, they have not submitted any affidavits or declarations to support this argument. Instead, the defendants contend that Wright's amended complaint "fails to allege that he pursued the NRVRJ's grievance procedure in addressing his complaints of perceived issues." Defs.' Br. Supp. Mot. Summ. J. at 14.

As indicated above, Wright was not required to "demonstrate exhaustion" in his amended complaint, Jones, 549 U.S. at 216, and it is not clear from the face of the pleading that he failed to satisfy the exhaustion requirement. See Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) (observing that a court "may sua dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies," but that such cases are "rare"). In particular, it is unclear whether the grievance process was actually "available" to Wright in light of the particular allegations in his amended complaint. See Am. Compl. at 1 (asserting that jail employees "refused to bring a grievance form" and informed Wright that his issues were "not grievable"); see also Ross v. Blake, 578 U.S. 632, 642–44 (2016) (explaining that an inmate "must exhaust available remedies, but need not exhaust unavailable ones," and discussing situations that render administrative remedies unavailable).

For these reasons, Wright's claims cannot be summarily dismissed for failure to exhaust administrative remedies, and the defendants have not met their burden of demonstrating that

6

no genuine issue of material fact exists with respect to the exhaustion defense. Accordingly, the motion for summary judgment on the issue of exhaustion will be denied without prejudice.

## II. The Merits of Wright's Claims

Based on recent Fourth Circuit precedent, the court concludes that summary judgment on the merits of Wright's claims is premature. Although Wright did not file a Rule 56(d) affidavit, his response to the motion for summary judgment provides "fair notice of potential disputes as to the sufficiency of the summary judgment record." Shaw, 59 F.4th at 129; see also Pledger, 5 F.4th at 526 ("Even in counseled cases, we have excused technical noncompliance with Rule 56(d) where the nonmoving party is not at fault and 'has adequately informed the district court that the motion is premature and that more discovery is necessary.'") (quoting Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002)). For instance, Wright filed at least two requests for production of documents relevant to his claims of deliberate indifference, and it is unclear from the record whether the defendants responded to each of his requests. The defendants did not file a copy of their response to any request for production of documents, and Wright's response to the motion for summary judgment indicates that the defendants have not produced all of the documents described in his requests. See Goodman v. Diggs, 986 F.3d 493, 500 (4th Cir. 2021) (concluding that "summary judgment was premature because outstanding discovery requests existed on material issues").

Additionally, Wright's response to the motion for summary judgment indicates that he needs more time to attempt to obtain other evidence, including evidence from Dr. Carpenter confirming that he recommended that Wright undergo surgery immediately for the jaw

7

fractures and that Officer Wright and Officer Crawford would not allow Wright to remain at the hospital to have the surgery performed. Such evidence is plainly relevant to Wright's claim of deliberate indifference against the officers. See Formica v. Aylor, 739 F. App'x 745, 754 (4th Cir. 2018) (explaining that the "necessary showing of deliberate indifference can be manifested by prison officials in responding to a prisoner's medical needs in various ways, including intentionally denying or delaying medical care, or intentionally interfering with prescribed medical care") (emphasis in original) (citing Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). The evidence is also necessary because Wright's own account of what Dr. Carpenter said about the need for immediate surgery is likely inadmissible hearsay under Rule 801 of the Federal Rules of Evidence, and "hearsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment." Maryland Highway Contractors Ass'n v. Maryland, 933 F.2d 1246, 1251 (4th Cir. 1991).

For these reasons, the court concludes that Wright's response to the defendants' motion for summary judgment is the "functional equivalent" of a Rule 56(d) affidavit and that summary judgment is premature at this time. Harrods, 302 F.3d at 245. Accordingly, the court will construe the response as a request for relief under Rule 56(d) and grant that request. Specifically, the court will: (1) deny the defendants' motion for summary judgment on the merits of Wright's claims without prejudice; (2) permit Wright to file a "new master discovery motion setting forth all matters he requests to discover" from the defendants, Goodman, 986 F.3d at 501; and (3) allow additional time for Wright to obtain a sworn statement or other evidence from Dr. Carpenter.

**Conclusion**

For the reasons stated, Wright's request for relief under Rule 56(d) is **GRANTED** and the defendants' motion for summary judgment, ECF No. 26, is **DENIED WITHOUT PREJUDICE** to refiling. An appropriate order will be entered.

Entered: September 26, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.09.26 19:02:08
-04'00'

Michael F. Urbanski
Chief United States District Judge